# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

SOLOMON ANDERSON, )
 #180867, )
 ) CIVIL ACTION NO. 9:10-2413-JFA-BM
            Petitioner, )
 )
v. ) **REPORT AND RECOMMENDATION**
 )
WARDEN, RIDGELAND )
CORRECTIONAL INSTITUTION; )
 )
            Respondent. )
_____)



   Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition was filed pro se on September 10, 2010.[1]

   After being granted extensions of time to respond, the Respondent filed a return and motion for summary judgment on February 18, 2011. As the Petitioner is proceeding pro se, a Roseboro order was filed on February 23, 2011, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case.

   On March 21, 2011, Petitioner filed a motion to supplement and a motion to belay

---

[1]Filing date under Houston v. Lack, 487 U.S. 266, 270-276 (1988).

1

summary judgment. Petitioner's motion was granted, in part, and denied, in part, on April 8, 2011, with the Court holding that it would consider Petitioner's arguments when reviewing the pending motion for summary judgment. No further filings have been received.

This matter is now before the Court for disposition.[2]

**Procedural History**

Petitioner was indicted in 1991 in Beaufort County for Criminal Sexual Conduct in the First Degree and Kidnapping [Indictment Nos. 91-GS-07-413 and 91-GS-07-414]. (R.pp. 883, 890). Petitioner was represented by Public Defender Diane DeWitt, Esquire, and after a trial by jury on December 3-6, 1991, was found guilty on the charges. (R.pp. 335-746). The trial judge sentenced Petitioner to thirty (30) years on each count to run consecutively for an aggregate sixty (60) year sentence. (R.p. 746).

Petitioner filed a timely appeal. Petitioner was represented on appeal by Robert M. Pachak, Assistant Appellate Defender with the South Carolina Office of Appellate Defense, who filed an Anders[3] brief seeking to be relieved and raising the following issue:

> Whether the trial court erred in refusing to charge the jury on the lesser included offense of assault and battery of a high and aggravated nature?

(R.p. 751).

However, subsequent to the filing of the Anders brief, Petitioner filed a pro se Motion

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[3]Anders v. California, 386 U.S. 738, 744 (1967). See also Johnson v. State, 364 S.E.2d 201 (S.C. 1988).



2

seeking to withdraw his appeal. See Court Docket No. 26-10 (Pro Se Motion to Withdraw). Counsel followed by submitting a letter to the Supreme Court explaining the same and further noting that he had informed Petitioner of the possible consequences of this withdrawal. See Court Docket No. 26-11 (Letter from Counsel Pachak dated October 22, 1992). Thereafter, on October 29, 1992, the South Carolina Supreme Court dismissed Petitioner's appeal. (R.p. 758). The Remittitur was issued on November 16, 1992. (R.pp. 894-895).

Petitioner then filed an application for post-conviction relief ("APCR") in state circuit court on January 29, 1993. Anderson v. State of South Carolina, No. 1993-CP-7-158. Petitioner set forth the following issues in his APCR petition:

**Ground One**:  Ineffective Assistance of Counsel.

**Ground Two**: Violation of Fifth, Sixth, and Fourteenth Amendments.

**Ground Three**: Denial of due process of law.

**Ground Four**: Arrest without probable cause.

**Ground Five**: Excessive Sentences.

**Ground Six**: Double Jeopardy.

**Ground Seven**: Abuse of discretion by the trial judge.

**Ground Eight**: Counsel failed to file a Brady[4] Motion.

(R.pp. 764-766, see also p. 859).

Petitioner was represented in his APCR by James Hale, Esquire, and an evidentiary hearing was held on Petitioner's application on September 20, 1993. (R.pp. 772-856).  The PCR court thereafter

---

[4]Brady v. Maryland, 373 U.S. 83 (1963) (prosecutors must disclose exculpatory evidence to criminal defendants).

3



denied the petition in its entirety in a written order dated December 6, 1993. (R.pp. 858-864).

A notice of appeal was filed with the state supreme court. Assistant Appellate Defender Wanda H. Haile, of the South Carolina Office of Appellate Defense, represented Petitioner and filed a <u>Johnson</u>[5] petition seeking to be relieved and raising the following issue:

> Was trial counsel ineffective for failing to object to the racial composition of the jury panel at Petitioner's trial?

<u>See</u> Court Docket No. 26-12, p. 2.

The South Carolina Supreme Court granted counsel's request to be relieved and denied the petition by order dated November 17, 1994. <u>See</u> Court Docket No. 26-13. The Remittitur was issued on December 5, 1994. <u>See</u> Court Docket No. 26-14.

Petitioner then filed a federal habeas action on May 23, 1995 (<u>Anderson v. State of S.C. Justice Committee</u>, Civil Action No. 0:95-1666-17BD).[6] However, that action was dismissed, without prejudice, on December 21, 1995, due to Petitioner's failure to prosecute the action.[7] <u>See</u> Order filed on Dec. 21, 1995.

In his current Petition for writ of habeas corpus filed in this United States District Court, Petitioner raises the following grounds:

---

[5]<u>See</u> note 3, supra.

[6]<u>Aloe Creme Laboratories, Inc. v. Francine Co.</u>, 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records].

[7]Court records indicate that the Petitioner failed to respond to Respondent's motion for summary judgment despite two orders from the undersigned to do so. The Petitioner also failed to subsequently file any objections to the undersigned's Report and Recommendation recommending dismissal of the action for failure to prosecute.



>    **Supporting Facts for Ground One[8]:** No supporting DNA on semen samples.
>
>    **Supporting Facts for Ground Two**: Both victim's hair and Petitioner's hair samples- no DNA ran to see of match.
>
>    **Supporting Facts for Ground Three**: Inadequate analysis of cosmetic smear/smear was inconclusive.

See Petition, pp. 6, 8-9.

## Discussion

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

Respondent contends in its motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. This limitations period is

---

[8]Petitioner left the specific grounds for relief blank on his petition. However, he provided three separate sets of supporting facts.



part of the AEDPA,[9] and runs from the latest of -

>   (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

This Petition falls under § 2244(d)(1)(A).

Section 2244(d)(1) became effective on April 24, 1996.  Therefore, since Petitioner's conviction became final prior to the enactment of the AEDPA, Petitioner was required to file his federal habeas petition by at least April 24, 1997, unless the statute was tolled.  See Pub.L. 104-132, Title I, § 104, 110 Stat. 1218; Brown v. Angelone, 150 F.3d 370-371 (4th Cir. 1998)[adopting one (1) year as the reasonable period].  However, Petitioner did not file his petition until September 10, 2010, by which time over thirteen years of non-tolled time had passed.  Therefore, Petitioner did not timely file this federal petition, and his claims are barred from consideration by this Court absent a showing of entitlement to equitable tolling.

Petitioner does not make any argument for why his petition should not be time barred

---

[9] Antiterrorism and Effective Death Penalty Act of 1996.



and fails to set forth any reason to show that he is entitled to equitable tolling in this case. While the federal one year statute of limitations can be subject to equitable tolling; see Rouse v. Lee, 314 F.3d 698, 704 (4th Cir. 2003)(citing Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); the Fourth Circuit held in Harris that circumstances will rarely warrant equitable tolling, and that a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Further, equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230. Also, to obtain equitable tolling, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113).

Here, in Petitioner's only memorandum filed since the motion for summary judgment was filed, Petitioner argues that he is entitled to relief because his counsel failed to tell him of all alleged plea offers. However, Petitioner himself states that after the trial his counsel made the comment "we should have taken one (1) of the plea offers", and that he was aware of this issue at that time. See Petitioner's Motion, p. 1. Therefore, even assuming that there were additional plea offers of which Petitioner was not aware prior to his trial, he was aware of this fact immediately following his trial. This argument provides no grounds for equitably tolling the federal statute of limitations for over thirteen (13) years. Accordingly, Petitioner has not shown that he is entitled to any equitable relief, and he is therefore barred from seeking federal habeas relief. See 28 U.S.C. § 2244(d); cf. Artuz v. Bennett, 531 U.S. 4 (2000); Pearson v. North Carolina, 130 F.Supp.2d 742 (W.D.N.C.



2001); <u>Calderon v. U.S. District Court of the Central District of California</u>, 127 F.3d 782, 785-787 (9th Cir. 1997), <u>cert. denied</u>, 118 S.Ct. 1395 (1998), <u>overruled on other grounds in later appeal</u>, 163 F.3d 530 (9th Cir. 1998), <u>cert. denied</u>, 119 S.Ct. 1377 (1999).

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

May 24, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

