UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Solomon Anderson, | ) | C/A No. 9:10-2413-JFA-BM |
|                   Petitioner, | ) | |
| vs. | ) | ORDER |
| Warden, Ridgeland Correctional Institution, | ) | |
|                   Respondent. | ) | |

The *pro se* petitioner, Solomon Anderson, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. He challenges his state court convictions for criminal sexual conduct and kidnapping.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation suggesting that the respondent's motion for summary judgment[2] should be granted because the petition is time barred. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on May 24, 2011, and he has timely

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

1

done so in an objection memorandum filed with the Clerk. The court will address the objections herein.

After carefully considering the Report and Recommendation and the petitioner's objections thereto, the court is of the opinion that the Magistrate Judge's recommended disposition is correct and that the Report should be adopted in full.

## STANDARD OF REVIEW

### *Summary Judgment*

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255(1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the

Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e).

Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, *see, e.g.*, *Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

### *The AEDPA and 28 U.S.C. § 2254*

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the § 2254 petition in this case is time-barred unless it is filed within one year from the date on which the judgment in state court became final by the conclusion of direct review or by the expiration of the time for seeking such review. The AEDPA became effective on April 24, 1996. Therefore, since the defendant's conviction became final prior to the enactment of the AEDPA, the defendant was required to file his § 2254 petition by at least April 24, 1997, unless the statute was tolled. The § 2254 petition in this case was not filed until September 15, 2010, over thirteen years later. The Magistrate Judge has carefully reviewed the record and finds no basis for equitable tolling in this case.

In petitioner's objections, he alleges that "newly discovered evidence" and "newly discovered case law" constitute grounds for tolling the applicable statute of limitations. It is clear, however, from the record in this case, that all of the information necessary to raise the claims asserted in this habeas petition were well-known to the defendant during the time

3

of his trial and immediately thereafter. As to the newly discovered case law, this court is not aware of any authority for tolling a statute of limitations based upon the fact that the litigant only recently became aware of the relevant case law.

For all the foregoing reasons, the objections are all overruled, and the Report and Recommendation is incorporated herein by reference. The respondent's motion for summary judgment is granted and the petition is dismissed with prejudice.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*
Joseph F. Anderson, Jr.
United States District Judge

July 5, 2011
Columbia, South Carolina

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).

4